**Peter BROWNE, Plaintiff—Appellant,**

v.

**MICROSOFT CORPORATION, a Washington corporation; Microsoft Licensing, Inc., a Nevada corporation, Defendants—Appellees.**

No. 01–35463.
D.C. No. CV–99–01665–JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Oct. 2, 2002.

Before HALL, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant/Plaintiff Peter Browne ("Browne") brought an action under federal and state law for race and age discrimination against his former employer, Microsoft Corporation and Microsoft Licensing, Inc. (collectively "Microsoft"). Browne also asserted common law claims of negligent misrepresentation and/or promissory estoppel. Microsoft filed five motions for summary judgment and the district court granted all five motions.[1]

Browne asserted that Microsoft denied him jumbo stock option grants as a result of race and age discrimination. Taking the evidence in a light most favorable to Browne, a genuine issue of material fact exists regarding this claim. *Lawson v. Washington,* 296 F.3d 799, 803–04 (9th Cir.2002); *see also Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 659–60 (9th Cir.2002).

The district court also granted summary judgment in favor of Microsoft on Browne's claims for frontpay and backpay. Because there is a dispute in the record regarding whether the available jobs were equivalent, there remains a genuine issue of material fact as to whether Browne failed to adequately seek employment. *See Caudle v. Bristow Optical Co.,* 224 F.3d 1014, 1021, n. 3 (9th Cir.2000) (*en banc* ).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Browne does not appeal the district court's ruling rejecting his negligent misrepresentation, promissory estoppel and disparate impact claims.

■ Although Browne advanced a claim for damages related to his early exercise of his vested stock options, the only evidence offered in support of his assertion was his perception of Microsoft's customary business practice. Conclusory allegations are insufficient to raise an issue of material fact. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

■ Browne's intentional discrimination claims were predicated upon 42 U.S.C. § 1981, Title VII of the Civil Rights Act, the Age Discrimination in Employment Act and Nevada and Washington state anti-discrimination laws. Rather than addressing the statutes in conjunction with the evidence presented, the district court made a global finding of no discrimination. The district court did not fulfill its obligation to consider the evidence in the light most favorable to Browne and determine whether that evidence raised a genuine issue of material fact. *See Kang v. U. Lim Amer., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002); *see also Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002).

■ The district court also awarded $21,763.33 in costs to Microsoft. Reversal of the judgment necessitates reversal of the award of costs. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir.1996).

## CONCLUSION

We AFFIRM the district court's grant of summary judgment in favor of Microsoft on Browne's early exercise of stock option claim.

We REVERSE the district court's grant of summary judgment in favor of Microsoft on Browne's denial of jumbo stock option claim.

We REVERSE the district court's grant of summary judgment in favor of Microsoft on Browne's intentional discrimination claims under state and federal law.

We REVERSE the district court's grant of summary judgment in favor of Microsoft on Browne's frontpay and backpay claims.

We REVERSE the district court's award of costs to Microsoft.

We REMAND this matter to the district court with instructions to provide the parties an opportunity to fully brief the remaining claims prior to consideration of any summary judgment motions. Entry of summary judgment on any claims must include a complete analysis of the evidence and applicable law.

AFFIRMED in part; REVERSED in part and REMANDED. Each party is to bear its own costs on appeal.